# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| Jennifer Adams,<br><br>      Plaintiff,<br><br>v.<br><br>Eltman, Eltman & Cooper, P.C.,<br><br>      Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## PRELIMINARY STATEMENT

1.     This is an action arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and of Defendant's invasions of Plaintiff's privacy, in violation of Minnesota law.

## JURISDICTION

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for pendent state law claims.

## PARTIES

3.     Plaintiff Jennifer Adams ("Plaintiff") is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4.     Defendant Eltman, Eltman & Cooper, P.C. ("Defendant") is incorporated in New York, and has a principal place of business located at 140 Broadway, 26th Floor,

New York, New York, 10005. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.   Sometime prior to January 8, 2013, Defendant, through a representative named "Lou," called Plaintiff on her cellular phone seeking to collect a debt allegedly owed by Plaintiff.

6.   Plaintiff, however, never incurred the debt which was the subject of the aforementioned phone call.

7.   Plaintiff politely told "Lou" that he called the wrong person, and verified to Defendant's agent that Plaintiff's last four digits of her Social Security number were not the same as the alleged debtor's, that Plaintiff's date of birth was not the same as the alleged debtor's, and that the State the debt was incurred in was a State that Plaintiff had never lived in nor been to.

8.   "Lou," as representative of Defendant stated that it would take Plaintiff off of its calling list.

9.   Defendant called Plaintiff on her cellular phone the very next day, even though it had promised Plaintiff that it would take Plaintiff off its calling list.  Defendant was again seeking to collect a debt that Plaintiff never incurred.

10.  Plaintiff again told Defendant that it called the wrong person, and verified that Plaintiff's last four digits of her Social Security number were not the same as the alleged debtor's, that Plaintiff's date of birth was not the same as the alleged

debtor's, and that the State the debt was incurred in was a State that Plaintiff had never been to nor lived in.

11.    Defendant called multiple more times in the following days known to Plaintiff by Plaintiff looking at her cellular phone caller i.d. feature.

12.    Plaintiff did not answer these calls out of frustration and feelings that nothing could be done to stop Defendant from calling.

13.    Each separate call from Defendant to Plaintiff, whether answered or unanswered by Plaintiff, violated 15 U.S.C. §1692d because it was conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt.

14.    Each separate call from Defendant, whether answered or unanswered by Plaintiff, after the first call to Plaintiff, constitutes a Minnesota state law tort of invasion of privacy because Defendant intentionally intruded upon the solitude or seclusion of Plaintiff in a highly offensive way by repeatedly contacting Plaintiff even though Defendant was aware that Plaintiff owed no debt. *See Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998).

15.    On or around January 7, 2013, Defendant called the payroll department of Plaintiff's employer to get the employer's mailing address. Defendant stated that it was for the purposes of garnishing Plaintiff's wages. The payroll department confirmed the address of Plaintiff's place of employment.

16.    Defendant's first call to Plaintiff's employer's payroll department, on or about January 7, 2013, constitutes a violation of:

a.  15 U.S.C. § 1692d(5) because Defendant engaged in conduct the natural consequence of which was to annoy, abuse, or harass any person in connection with the collection of a debt;

b.  15 U.S.C. § 1692b(5) because Defendant used language the contents of which indicated that Defendant was in the debt collection business or that the communication related to the collection of a debt;

c.  15 U.S.C. § 1692e(2) because Defendant stated it was going to garnish Plaintiff's wages, but in fact Plaintiff owed no debt to Defendant and Defendant had not obtained a judgment against Plaintiff;

d.  15 U.S.C. § 1692e(4) because Defendant's statements represented or implied that nonpayment of any debt will result in the seizure, garnishment, or attachment of any property or wages of any person;

e.  15 U.S.C. § 1692e(5) because Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken;

f.  15 U.S.C. § 1692e(10) because Defendant made false representations about its ability to collect debt from Plaintiff and garnish her wages;

g.  15 U.S.C. § 1692f because Defendant used unconscionable or unfair means to collect or attempt to collect any debt; and,

h.  The Minnesota state law tort of invasion of privacy because Defendant intentionally intruded upon the solitude or seclusion of Plaintiff in a highly offensive way by contacting Plaintiff's employer even though Defendant

was aware that Plaintiff owed no debt.  *See Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998).

17.  The payroll department informed Plaintiff that a debt collector had contacted them in regards to Plaintiff, and this, in addition to the several collection calls to Plaintiff herself, caused Plaintiff to be very upset, angry, and embarrassed to be harassed at work through her employer.

18.  Plaintiff felt harassed, stressed, and in need of peace of mind, and fearful that her credit score would be hurt.  Plaintiff spent the time and effort and got credit reports from all three major credit reporting agencies (Experian, Trans Union, and Equifax) to review.  Plaintiff saw that her credit was good and continued to be frustrated, irritated, angry, and upset that Defendant alleged that she owed a debt.

19.  Within five (5) days after Defendant's initial communication with Plaintiff on or about January 7, 2013, Defendant did not send Plaintiff written notice of the alleged debt, in violation of 15 U.S.C.A. § 1692g.

20.  Defendant has not sent Plaintiff written notice following any communication with Plaintiff or Plaintiff's employer in violation of 15 U.S.C.A. § 1692g.

21.  Defendant called the payroll department again on or about January 16, 2013, seeking again to get information about Plaintiff's brother "Christopher."

22.  Plaintiff has no brother named "Christopher Adams."

23.  Defendant told the payroll department representative that Plaintiff's brother, "Christopher," was using Plaintiff's Social Security Number and Defendant suggested that this is how Plaintiff incurred the "debt".

24.   Defendant's second call on the 16th of January to Plaintiff's employer's payroll department, constitutes a violation of:

    a.   15 U.S.C. § 1692d(5) because Defendant engaged in conduct the natural consequence of which was to annoy, abuse, or harass any person in connection with the collection of a debt;

    b.   15 U.S.C. § 1692b(5) because Defendant used language the contents of which indicated that Defendant was in the debt collection business or that the communication related to the collection of a debt;

    c.   15 U.S.C. § 1692e(2) because Defendant stated it was going to garnish Plaintiff's wages, but in fact Plaintiff owed no debt to Defendant and Defendant had not obtained a judgment against Plaintiff;

    d.   15 U.S.C. § 1692e(4) because Defendant's statements represented or implied that nonpayment of any debt will result in the seizure, garnishment, or attachment of any property or wages of any person;

    e.   15 U.S.C. § 1692e(5) because Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken;

    f.   15 U.S.C. § 1692e(10) because Defendant made false representations about its ability to collect debt from Plaintiff and garnish her wages;

    g.   15 U.S.C. § 1692f because Defendant used unconscionable or unfair means to collect or attempt to collect any debt; and,

    h.   The Minnesota state law tort of invasion of privacy because Defendant intentionally intruded upon the solitude or seclusion of Plaintiff in a highly

offensive way by repeatedly contacting Plaintiff's employer even though Defendant was aware that Plaintiff owed no debt. *See Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998).

25. Defendant's second call to the payroll department increased Plaintiff's existing feelings of frustration, embarrassment, humiliation, anger and irritation that nothing could be done to stop Defendant from calling, and of stress that in some way Plaintiff's credit score would be damaged.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury, pursuant to U.S. Const. amend. 7 and Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. §1692 ET SEQ

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

29. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30. Plaintiff's alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The contact that Defendant repeatedly made with Plaintiff herself and with Plaintiff's place of employment was "communication" as defined by 15 U.S.C. § 1692a(2).

32.   The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages as outlined above pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## INVASIONS OF PRIVACY UNDER MINNESOTA STATE LAW

34.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   Minnesota recognized the tort of invasion of privacy in 1998.  *See Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 235 (Minn. 1998).

36.   Defendant's repeated communications with Plaintiff and Plaintiff's employer's payroll department constitute numerous and multiple invasions of privacy.

37.   Plaintiff is entitled to recover damages for the harm to her interest in privacy resulting from the invasion, her mental distress as outlined above suffered, and any other damages such as but not limited to physical manifestations of emotional upset caused by the invasion of her privacy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- That the Court award damages resultant of Defendant's invasion of Plaintiff's privacy; and,

- That the Court grants such other and further relief as may be just and proper.

Dated this 22nd day of March, 2013      By:   s/Thomas J. Lyons

**LYONS LAW FIRM P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #: 65699
367 Commerce Court
Vadnais Heights, Minnesota  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 770-5830
tlyons@lyonslawfirm.com

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr. Esq.
Attorney I.D. #: 249646
367 Commerce Court
Vadnais Heights, Minnesota  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA  )
                                ) ss
COUNTY OF HENNEPIN  )

      I, Jennifer Adams, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                         s/Jennifer Adams
                                    Jennifer Adams